UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 20 MJ 02100-LOUIS

UNITED STATES OF AMERICA

vs.

ANGEL DAVID ROSARIO,

Defendant.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? ___ Yes _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___ Yes _X_ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
Kurt K. Lunkenheimer
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501535
99 N.E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9008
FAX (305) 536-7213
Kurt.Lunkenheimer@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>ANGEL DAVID ROSARIO,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 20 MJ 02100-LOUIS<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  February 2018 to February 2019  in the county of  Miami-Dade  in the Southern District of Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 846 and 841(a)(1) | Conspiracy to possess with intent to distribute a controlled substance, that is, 5 kilograms or more of cocaine. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

LUZ IDARRAGA, TASK FORCE OFFICER DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Jan 21 2020

*Judge's signature*

City and state:   Miami, Florida

LAUREN F. LOUIS, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, Luz Idarraga (the "Affiant"), being duly sworn, hereby depose and say that:

1. I am a Task Force Officer with the Drug Enforcement Administration ("DEA") assigned to the Miami Field Division ("MFD"), and I have been so assigned to DEA since August, 2014. Prior to such employment at the DEA MFD, your Affiant was assigned to the Sunrise Police Department ("SPD") Vice, Intelligence, Narcotics Unit since 2013. Prior to that, your Affiant was assigned to the SPD Road Patrol Division from November 2011 to 2013.

2. Currently, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516(1).

3. As a Task Force Officer, I have participated in numerous investigations involving the possession, manufacture, distribution, and importation of controlled substances, as well as the laundering of money involved in such activities. During those investigations, I have assisted in the arrests of many individuals for various drug and money laundering violations, and I have spoken with numerous drug dealers, gang members, and informants concerning the methods and practices of drug traffickers. The information set forth in this affidavit is based upon my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers.

4. The information set forth in this affidavit is provided solely for the purpose of establishing probable cause for the arrest of Angel David ROSARIO for conspiracy to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. I have not included in this

Affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause.

5. Pursuant to a Homeland Security Investigations ("HSI") investigation, a Source of Information (hereinafter referred to as SOI#1) was interviewed in Miami, Florida. SOI#1 was arrested in connection to the seizure of 377 bricks of cocaine that were transported via a vessel to South Florida from the Dominican Republic. SOI#1 has pled guilty to federal narcotics violations and is providing information regarding this event. SOI#1 has provided verifiable information to law enforcement which has resulted in the arrest of individuals for federal narcotics violations. Your Affiant and other investigators involved in this investigation deem information provided by SOI#1 to be truthful and verifiable and his/her information has been corroborated by physical documents and records and other cooperating defendants.

6. SOI#1 advised that he/she was employed by several Dominican drug traffickers in order to assist in obtaining and maintaining vessels which were used to transport several hundred kilogram quantities of cocaine to South Florida from the Dominican Republic. SOI#1 advised that he/she had assisted in receiving this cocaine, distributing cocaine, and receiving the proceeds from the sale of cocaine.

7. SOI#1 advised that once the cocaine arrived to South Florida, another individual who is providing information to law enforcement as a Source of Information (hereinafter referred to as SOI#2) would have one of his/her workers and the workers' crew remove the cocaine from the vessel. SOI#1 stated that SOI#2 would normally travel from the Dominican Republic to Miami in order to oversee the distribution and sale of his/her portion of the loads of cocaine. SOI#1 stated that SOI#2 controlled a large network of Miami based drug dealers and money launders who work directly for him/her.

8. SOI#1 identified photos of an individual, Subject-1, and another male as two people who worked for SOI#2 receiving multi-kilo loads of cocaine and then returning to SOI#1 with the proceeds from the sale of this cocaine.

9. SOI#1 identified a photo of Angel David ROSARIO as another worker for SOI#2, who worked for SOI#2 receiving multi-kilo loads of cocaine and then returning to SOI#1 with the proceeds from the sale of this cocaine. SOI#1 has met with ROSARIO in person. SOI#1 advised that he/she personally handed upwards of $680,000 USD to ROSARIO upon receiving SOI#2's orders, as SOI#1 also worked for SOI#2 at times or at his direction through other drug traffickers. SOI#1 stated that all monies were drug proceeds. SOI#1 stated that in or around February 2018, SOI#2 sent ROSARIO to deliver SOI#1 50 kilograms of cocaine. SOI#1 was then told by SOI#2 to deliver the cocaine to another person. SOI#1 stated that he/she delivered cocaine.

10. On February 21, 2019, DEA MFD Group 10 agents and Fort Lauderdale Police Department ("FLPD") Detectives conducted surveillance at a property located at 160 NW 92nd Street, Miami Shores, Florida 33150. During surveillance, FLPD Detectives observed ROSARIO arrive at the residence as the driver of a white 2018 Land Rover bearing Florida tag L3DCC. ROSARIO was followed by a blue Nissan Rogue, which also parked in front of the residence. The driver of the Nissan Rogue was identified as a worker of SOI#2 previously identified by SOI#1, Subject-1. Subject-1 and ROSARIO then entered the residence. A short time later, ROSARIO exited the residence and left the area in the Land Rover. Approximately fifteen minutes later, ROSARIO returned and parked inside the garage, closing the garage door. ROSARIO later left the residence in the Land Rover.

11. On February 22, 2019, members of the DEA MFD Group 10, FLPD and Miami Shores Police Department conducted surveillance and a "knock and talk" at 160 NW 92nd Street,

Miami Shores, Florida 33150. Subject-1 opened the door and provided verbal and written consent to search the residence. Inside the residence, agents found (52) fifty-two kilograms of cocaine that field tested positive for cocaine and they seized $234,530 USD located inside the residence. Subject-1 was placed under arrest.

12. After the arrest of Subject-1, contact was made with a representative of Brief Homes, a company in charge of managing the short-term rental of 160 NW 92nd Street, Miami Shores, Florida 33150. On February 25, 2019, the representative of Brief Homes obtained access to the owner's surveillance video footage account and provided your Affiant a web-based link to review the surveillance footage. On the same date, you Affiant reviewed the surveillance video footage from the Miami Shore residence via the internet through the web link. The surveillance video captured ROSARIO arriving in the early morning hours of February 22, 2019, to 160 NW 92nd Street, Miami Shores residence. On the video, ROSARIO removed a heavy duffle bag from the Land Rover into the residence. Days later, your Affiant attempted to download a copy of the video surveillance footage that was provided by the Brief Homes representative via web link, but it was no longer available and other efforts to obtain the footage have been unsuccessful. Your Affiant did take a snapshot of the video while reviewing it. The snapshot captures ROSARIO, carrying a duffle bag, and Subject-1 walking towards the entrance of the residence.

13. On February 25, 2019, your Affiant learned during the investigation that ROSARIO had rented the stash house located at 160 NW 92nd street Miami Shores, Florida 33150, since early February 2019, and that he had paid cash for the rental and utilized a fictitious name.

14. SOI#2 is an individual who was arrested in Miami, Florida in January 2020, for violations of federal narcotics laws. In a post-*Miranda* statement, SOI#2 advised he/she was responsible for receiving multi-hundred kilos of cocaine that arrived from the Dominican Republic

via vessel. SOI#2 advised that he/she was responsible to ensure the residence had a dock which would be utilized to unload the cocaine from the vessel. SOI#2 advised that he/she employed several individuals to rent residences in South Florida, distribute the cocaine and receive the proceeds derived from the sale of this cocaine. SOI#2 identified the photos of Subject-1 and ROSARIO as two of his workers who distributed his/her cocaine and received the drug proceeds.

15. SOI#2 advised that in early 2019, a load of approximately 400 kilos of cocaine arrived to South Florida and was successfully distributed and the drug proceeds were collected by Subject-1 and ROSARIO.

16. SOI#2 explained that the drug trafficking organization ("DTO") organized what would be its second trafficking event a short time later. SOI#2 explained due to the success of the prior trafficking event all members decided to replicate their methods. SOI#2 stated that he/she once again rented another Air B&B rental property with ocean access and again placed Subject-1 to oversee it day to day operations. SOI#2 advised that he/she once again employed several individuals to rent residences in South Florida, distribute the cocaine and receive the proceeds derived from the sale of this cocaine.

17. SOI#2 recalled this trafficking event contained approximately 420 kilograms of cocaine and had the same DTO members involved. SOI#2 recalled that upon successful delivery of this load he/she met Subject-1 and the crewmembers at this rental property. SOI#2 then began distributing cocaine to other cocaine traffickers. SOI#2 recalled that these kilograms were sold for $29,000 USD. SOI#2 stated that he/she recalled selling a male only known as "Gregory" 50 kilograms of cocaine and another man only known as "Chulo," an unknown amount of cocaine, but he/she did recall collecting approximately $300,000 USD from him "Chulo."

18. SOI#2 advised that the DTO was able to successfully distribute almost the entire

load of cocaine, but had one last transaction to conduct before its completion. SOI#2 advised approximately 50-52 kilograms of cocaine were waiting to be picked up from the rental property at which time federal agents arrived at 160 NW 92nd Street Miami Shores, Florida 33150 and discovered Subject-1 in possession of the remaining 50-52 kilograms of cocaine.

19. SOI#2 advised that approximately $300,000 USD of trafficking proceeds were also found at the time the 50-52 kilograms of cocaine were seized by law enforcement. SOI#2 indicated that on the day before the arrest, SOI#2 sent ROSARIO to collect the before mentioned $300,000 from "Chulo" and deliver it to 160 NW 92nd Street Miami Shores, Florida 33150.

20. Based upon the foregoing, your Affiant submits there is probable cause to believe that ROSARIO did knowingly commit conspiracy to possess with the intent to distribute five (5) kilogram or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
LUZ IDARRAGA, TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed before me, in Miami, Florida
this 21 day of January, 2020

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE